Filed 1/7/26  Xiong v. Hui CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| HELEN XIONG,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>KIM HUI et al.,<br><br>    Defendants and Respondents. | G062993<br><br>(Super. Ct. No. 30-2019-01095448)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Peter J. Wilson, Judge. Reversed and remanded.

Lindemann Law Firm, Blake J. Lindemann and Donna R. Dishbak for Plaintiff and Appellant.

Faegre Drinker Biddle & Reath, Jeffrey S. Jacobson, Joie C. Hand and David P. Koller for Defendants and Respondents.

Plaintiff Helen Xiong alleges she worked for defendant Jeunesse, LLC (Jeunesse), a multi-level marketing company, as a distributor of its products until it terminated her services in March 2019. In September 2019, she filed a complaint against Jeunesse and one of its top performing distributors, defendant Kim Hui, alleging various claims, including a claim for civil penalties under PAGA.[1] Prior to filing the complaint, plaintiff did not give notice of her PAGA claims to the Labor and Workforce Development Agency (LWDA). She also did not give notice of her PAGA claims prior to filing her first amended complaint (FAC), instead sending notice to the LWDA and Jeunesse on the same day she filed her FAC—February 11, 2020. The judge assigned the case at the time overruled defendants' demurrer to the FAC on the issue of plaintiff's failure to comply with the prefiling notice requirements of PAGA. Two years later, in February 2022, plaintiff filed a second amended complaint (SAC), which defendants answered. With respect to the exhaustion of administrative remedies, the SAC alleged plaintiff's February 11, 2020 letter to the LWDA constituted notice of her claims, and that she had "received no response from the LWDA."

After the case was reassigned to another judge, that judge notified the parties the court intended on its own motion to reconsider the earlier ruling on the demurrer to the FAC. After briefing and a hearing, the court sustained the demurrer without leave to amend, concluding plaintiff

[1] PAGA refers to the Labor Code Private Attorneys General Act of 2004. (Lab. Code, § 2698 et seq.) Although the Legislature enacted extensive amendments to PAGA effective July 1, 2024 (see Stats. 2024, ch. 44, § 1 [enacting Assem. Bill No. 2288 (2023–2024 Reg. Sess.)]; Stats. 2024, ch. 45, § 1 [enacting Sen. Bill No. 92 (2023–2024 Reg. Sess.)]), our holding is based on the pre-amendment version of PAGA that was in effect throughout the litigation of this case. (See *Stone v. Alameda Health System* (2024) 16 Cal.5th 1040, 1075, fn. 18.)

had failed to comply with the prefiling notice requirements of PAGA before filing her FAC because "the LWDA letter and the FAC were filed the same day." The court did not explicitly address the legal effect of the SAC, which had superseded the FAC by operation of law. Instead, it indirectly did so by concluding "nothing in [PAGA] suggests there is a cure for the failure to comply with the PAGA prerequisite of exhaustion." The court subsequently entered judgment on the pleadings in favor of defendants. Plaintiff appealed.

We find no error in the trial court's reconsideration of the prior demurrer to the FAC or in its conclusion the FAC failed to allege plaintiff had exhausted her administrative remedies. We conclude, however, that the trial court erred in ruling the failure to comply with the PAGA notice requirements can never be cured. Labor Code section 2699.3, subdivision (a)(2)(C),[2] provides otherwise. It permits a plaintiff to add a PAGA claim to an existing complaint after satisfying the notice requirements, subject to certain time limitations of that section. Absent some other bar to adding a PAGA claim to an existing complaint—e.g., statute of limitations—a previously defective PAGA claim dismissed on demurrer can be realleged after a plaintiff has complied with the notice requirements.

Accordingly, we reverse the judgment and remand the case for further proceedings in the trial court on the operative SAC, which defendants have already answered.

---

[2] All undesignated references are to the Labor Code.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

According to plaintiff's SAC, she became a distributor for Jeunesse in August 2015 and her services were terminated on March 5, 2019.

In 2016, another distributor who worked for Jeunesse filed class claims against the company in Arizona. The case ended up in Florida, where Jeunesse is headquartered. Once in Florida, the class action settled and all members of the class, including plaintiff, received notice of the settlement. Plaintiff objected to the settlement, contending it was not applicable to California-based distributors like her, but the Florida court considered her objection, overruled it, and approved the settlement.

Plaintiff then filed a class action complaint against Jeunesse in federal court in the Central District of California alleging substantially similar claims to those already alleged and settled in Florida. The federal court dismissed her case.

Plaintiff then filed the complaint in this action on September 4, 2019, in which she asserted individual claims, as well as class claims and representative PAGA claims. Jeunesse removed the case to federal court. The federal court struck plaintiff's class claims, concluding they were barred by the Florida class action settlement, and remanded plaintiff's remaining claims to the Orange County Superior Court. (See *Xiong v. Jeunesse Global, LLC et al.* (C.D.Cal., Nov. 15, 2019, No. SA CV 19-1780-DOC (KES)) 2019 WL 8011740, at *3.)

Upon remand, plaintiff filed her FAC on February 11, 2020. The FAC included both individual and representative claims under PAGA (and continued to assert class allegations). Plaintiff alleged in the FAC she sent notice to the LWDA and Jeunesse regarding her PAGA claims on February

4

11, 2020 (the same day she filed the FAC). Plaintiff did not attach the LWDA letter to any of her pleadings in this case.[3]

On March 24, 2020, Jeunesse filed a motion to compel arbitration of plaintiff's individual claims, stay the PAGA claims, and strike plaintiff's class allegations. Jeunesse argued plaintiff's claims against Hui also must be arbitrated. Plaintiff opposed the motion. The trial court granted the arbitration motion as to both defendants on October 6, 2020, stayed the PAGA claims, and ordered the class allegations stricken. The court agreed plaintiff cannot be required to arbitrate her claims for public injunctive relief, and stated, "[i]f and to the extent [plaintiff] can articulate a valid claim for public injunctive relief, [it] is stayed, not dismissed, pending arbitration and such claim can be pursued in this court once the stay is lifted."

At the time the stay order was entered, two motions were pending before the trial court: defendants' demurrer to the FAC and plaintiff's motion for leave to file a second amended complaint. The court took

---

[3] Although plaintiff's February 11, 2020 notice to the LWDA and Jeunesse is included in the record on appeal, the record does not show the trial court considered it in ruling on the reconsideration motion that is the subject of this appeal.

both motions off calendar without prejudice to the parties' ability to refile them once the stay was lifted.

In August 2021, after the trial court lifted the stay on the PAGA claims,[4] defendants demurred to the FAC on the ground, among others, that plaintiff had failed to give notice and exhaust her administrative remedies before filing her PAGA claims. On January 26, 2022, the court (Hon. James Di Cesare presiding) overruled the demurrer on that ground. It sustained the demurrer on other grounds and granted plaintiff leave to amend.[5]

Shortly thereafter, on February 22, 2022, Plaintiff filed her SAC, which included the same four causes of action for PAGA penalties as those set forth in the FAC.[6] In the SAC, plaintiff alleged Jeunesse had terminated her services on March 5, 2019. In paragraphs 16 and 17 of the SAC, plaintiff alleged she had sent a letter to the LWDA and Jeunesse on February 11,

---

[4] The parties engaged in arbitration following the stay, and the arbitrator issued a final order on September 8, 2021. Although not pertinent to this appeal, for purposes of procedural completeness and clarity, we take judicial notice the trial court lifted the stay as to the PAGA claims on June 1, 2021. (Evid. Code, §§ 459, subd. (a) ["The reviewing court may take judicial notice of any matter specified in Section 452"], 452, subd. (c) & (d).)

[5] On March 9, 2022, defendants filed a writ of mandamus with this court, which was denied. The California Supreme Court subsequently denied review.

[6] Plaintiff also alleged other claims individually and in a representative capacity, including violation of Civil Code section 1689.2 for operating an endless chain scheme (fifth cause of action); violation of Business and Professions Code section 17200 et seq. (UCL) (sixth cause of action), pursuant to which plaintiff sought, among other things, a public injunction; and violation of California's Seller Assisted Marketing Plan Act, Civil Code section 1812.200 et seq. (seventh cause of action).

6

2020, notifying them of the alleged Labor Code violations and, as of the date she filed the SAC, she had "received no response from the LWDA."

Both defendants answered the SAC on April 11, 2022. Approximately one month later, on May 13, 2022, Judge Peter Wilson (to whom the case had been reassigned) issued an order sua sponte, stating he intended to revisit Judge Di Cesare's prior order overruling the demurrer to the PAGA claims in the FAC and inviting the parties to submit further briefing to "'address the validity and viability of the PAGA causes of action not only as asserted in the [FAC], but *also as alleged in the [SAC].*'" (Italics added.)[7] Both parties briefed the issue. In the alternative to her request that the court overrule the demurrer, plaintiff sought leave to amend to remedy her alleged failure to comply with PAGA's prefiling notice requirements, citing *Caliber Bodyworks, Inc. v. Superior Court* (2005) 134 Cal.App.4th 365 (*Caliber Bodyworks*), disapproved on other grounds in *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 196, fn. 8. On June 10, 2022, plaintiff also filed a motion seeking leave to amend her pleading to add three new PAGA representatives.

On June 23, 2022, following a hearing, Judge Wilson sustained his sua sponte demurrer to plaintiff's PAGA claims on the ground plaintiff had failed to provide the required prefiling notice because she gave the notice on the same day she filed the FAC and there was no way for her to later cure that failure. The trial court also denied plaintiff's motion for leave to amend her pleading to add new plaintiff representatives. With respect to Hui, the

---

[7] Neither party's counsel seemed to be aware at oral argument that plaintiff had filed a SAC. The record on appeal, however, includes both the SAC and defendants' answer to it, and the trial court referred to the SAC in the order sustaining the demurrer that is the subject of this appeal.

court ruled: "Plaintiff's failure to exhaust necessarily includes her PAGA claims against Defendant Kim Hui and thus the ruling above also applies to those claims."

Defendants then moved for judgment on the pleadings, contending there was nothing left to be litigated because the PAGA claims had been dismissed by the court on demurrer and a final arbitration award had been issued on plaintiff's individual claims. Plaintiff opposed the motion for judgment on the pleadings on the ground the arbitration took place out of state, was never confirmed by the trial court, and therefore was not subject to res judicata. Plaintiff also argued the arbitration did not resolve all of her claims pending before the court and the arbitrator had no authority to decide plaintiff's claim for public injunctive relief under the UCL.

On June 23, 2023, after taking judicial notice of the arbitrator's interim and final rulings, the trial court rejected all of plaintiff's arguments, granted defendants' motion for judgment on the pleadings, and dismissed the action in its entirety with prejudice. The court found unpersuasive plaintiff's argument that certain of her individual claims were not arbitrated, ruling that plaintiff could and should have raised in arbitration all individual claims that were encompassed in the underlying action, and that "[p]laintiff's strategic decision not to pursue certain claims or remedies in the arbitration does not preclude application of res judicata because they fell within the scope of the arbitration agreement, were related to the subject matter and relevant to the issues in arbitration." The court further rejected plaintiff's argument the arbitration award was not res judicata, concluding it "resolved all issues submitted to the arbitrator, including whether Plaintiff had standing to pursue a public injunctive relief claim" and "may be deemed a final judgment for purposes of res judicata."

8

Plaintiff timely appealed the order granting judgment on the pleadings in favor of defendants and the resulting judgment of dismissal, as well as the court's earlier interim orders sustaining the sua sponte demurrer to plaintiff's PAGA claims and denying plaintiff's motion for leave to amend to add new plaintiff representatives.

DISCUSSION

I.

THE TRIAL COURT ERRED IN CONCLUDING PLAINTIFF COULD NOT CURE NON-COMPLIANCE WITH PAGA'S PREFILING NOTICE REQUIREMENTS

We review the trial court's order sustaining the demurrer de novo and its denial of leave to amend for abuse of discretion. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Where the court sustains a demurrer without leave to amend, we decide if "there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] . . . The plaintiff has the burden of proving that an amendment would cure the defect." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) "In conducting our de novo review, we 'must "give[ ] the complaint a reasonable interpretation, and treat[ ] the demurrer as admitting all material facts properly pleaded." [Citation.] Because only factual allegations are considered on demurrer, we must disregard any "contentions, deductions or conclusions of fact or law alleged . . . .""" (*WA Southwest 2, LLC v. First American Title Ins. Co.* (2015) 240 Cal.App.4th 148, 151.)

As a preliminary matter, we reject plaintiff's contention that Judge Wilson lacked authority to reconsider Judge Di Cesare's prior order on the demurrer to the PAGA claims. It is true one trial court judge generally may not reconsider and overrule another judge's order unless the first judge is unavailable. (See *Ziller Electronics Lab. GmbH v. Superior Court* (1988)

206 Cal.App.3d 1222, 1232.) A trial court, however, "retains the authority to alter or amend its own rulings in the same case, whether made by the same judge or by his or her predecessor." (*In re Marriage of Nicholas* (2010) 186 Cal.App.4th 1566, 1577–1578; See *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1097; *Aerojet-General Corp. v. Commercial Union Ins. Co.* (2007) 155 Cal.App.4th 132, 139, fn. 6 [no error where different judge reached contrary result on summary judgment than prior judge did when ruling on demurrer].)

Here, Judge Wilson was the assigned judge on the case, and Judge Di Cesare's prior ruling was a non-binding interim order. In addition, the case had by then been designated complex.[8] As the assigned judge presiding over a complex case, Judge Wilson had broad authority to manage the case, including the authority to decide legal issues that may dispose of the case early and expeditiously. (*First State Ins. Co. v. Superior Court* (2000) 79 Cal.App.4th 324, 333 ["'The complex litigation procedure is intended to facilitate pretrial resolution of evidentiary and other issues, and to minimize the time and expense of lengthy or multiple trials'"].) We find no error in Judge Wilson's decision to revisit a purely legal issue that was potentially dispositive.[9]

Turning to the merits, we conclude the trial court erred in

---

[8] "A 'complex case' is an action that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel." (Cal. Rules of Court, rule 3.400.)

[9] We also reject plaintiff's argument, for which plaintiff provides no legal authority, that Judge Wilson could not reconsider the ruling on the demurrer while a writ was pending to the California Supreme Court and no stay was in effect.

10

sustaining the demurrer to the FAC without leave to amend without considering whether the SAC (which was the operative complaint at the time the court ruled on the renewed demurrer) complied with the LWDA notice requirements.

"Before an employee may file an action seeking to recover civil penalties for violations of any of the Labor Code provisions enumerated in section 2699.5, . . . he or she must comply with the [PAGA] administrative procedures as set forth in section 2699.3, subdivision (a), which include providing notice to the LWDA and the employer and waiting a prescribed period of time to permit the LWDA to investigate and to decide whether to cite the employer for the alleged violations." (*Caliber Bodyworks, supra,* 134 Cal.App.4th at p. 370; see also § 2699.3, subds (a)(1)(A), (b)(1), & (c)(1)(A); *Williams v. Superior Court* (2017) 3 Cal.5th 531, 545 [PAGA plaintiff must provide prefiling notice as a "condition of suit"]; *Brown v. Ralphs Grocery Co.* (2018) 28 Cal.App.5th 824, 835 ["Proper notice under section 2699.3 is a 'condition' of a PAGA lawsuit"].) The notice must be in writing, and it must identify the specific provisions of the Labor Code allegedly violated and specify the facts and theories that support the alleged violation. (§ 2699.3, subd. (a)(1)(A).) Failure to plead compliance with the notice requirement "is fatal to those claims." (*Caliber Bodyworks, supra,* at p. 382.)

That said, as *Caliber Bodyworks* recognized, the statutory scheme includes a cure provision: it permits a plaintiff who has filed a complaint without giving the necessary prefiling notice to cure that defect by (1) giving the notice required by section 2699.3, subdivision (a), and (2) *then amending its complaint* to assert a PAGA civil penalties claim. Specifically, section 2699.3, subdivision (a)(2)(C) provides: "Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing

11

complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

In *Caliber Bodyworks*, the appellate court reversed the trial court's order that overruled an employer's demurrer to a wage-and-hour action brought by former employees that sought (among other things) civil penalties for Labor Code violations. It found that "because plaintiffs failed to plead compliance with [PAGA's] prefiling notice and exhaustion requirements in section 2699.3, subdivision (a), they are not entitled to pursue their causes of action seeking only civil penalties" and the defendant's demurrer to the causes of action that sought only civil penalties should have been sustained. (*Caliber Bodyworks*, *supra*, 134 Cal.App.4th at 383.) The appellate court, however, added a caveat: even though the plaintiffs had not "specified any manner in which they would amend their allegations if the demurrer is sustained to these causes of action" and granting leave to amend at that juncture therefore "would be futile," it stated "plaintiffs *certainly* may follow the administrative procedures in section 2699.3, subdivision (a), and, should the LWDA choose not to investigate or cite Caliber based on the alleged violations, *then request leave to amend the first amended complaint to seek civil penalties"* pursuant to section 2699.3, subdivision (a)(2)(C). (*Caliber Bodyworks*, at p. 383, fn. 18; italics added.) The court then underscored the point with respect to the plaintiff's hybrid causes of action that sought both civil penalties and unpaid wages. It found the demands for civil penalties in those causes of action must be stricken for failure to plead compliance with the prefiling notice and exhaustion requirements. But then, again citing section 2699.3, subdivision (a)(2)(C), it reiterated: "As with their causes of action for only civil penalties, plaintiffs are not precluded from later requesting leave to amend their first amended complaint to seek civil

12

penalties for the Labor Code violations alleged [in those causes of action] but must first satisfy the requirements of section 2699.3, subdivision (a)." (*Caliber Bodyworks*, at p. 385, fn. 19.)

Here, plaintiff did not (indeed, could not) show the FAC sufficiently alleged compliance with PAGA's prefiling notice requirement and that she exhausted her administrative remedies *before* filing the FAC. The trial court, however, erroneously concluded plaintiff could never cure that defect in the FAC and therefore erred in failing to consider whether the SAC did so.

Here, plaintiff's SAC alleged she gave notice to the LWDA and Jeunesse almost two years before the SAC was filed and the LWDA neither responded that it wished to investigate nor cited Jeunesse for the purported violations. As with any demurrer, the trial court was required to accept those factual allegations as true. (*San Mateo Union High School Dist. v. County of San Mateo* (2013) 213 Cal.App.4th 418, 425.) The court, however, did not do that. Instead, focusing on the then-superseded FAC, it found plaintiff did not give the required prefiling notice "because the LWDA letter *and the FAC* were filed the same day"—i.e., on February 11, 2020. (Italics added). It then erred by finding plaintiff could not thereafter "cure" the lack of compliance without ever reaching the statute of limitations issue.

The trial court's reliance on *Esparza v. Safeway, Inc.* (2019) 36 Cal.App.5th 42, is misplaced. It cited *Esparza* for the general proposition that the LWDA's prefiling notice requirement is a condition precedent to the filing of a PAGA lawsuit. But *Esparza* does not support what the trial court did here. The question in *Esparza* was whether the plaintiff's PAGA claim against Safeway, her former employer, *was time-barred*, not whether the plaintiff could cure (or had cured) an initial failure to give an effective

13

prefiling notice. Specifically, the plaintiff failed to give the LWDA notice of her PAGA claims until after the one-year statute of limitations had already run. (*Id*. at pp. 47, 60.)

Whether a plaintiff has complied with the prefiling notice requirements (either at the outset, or by later invoking the "cure" provision of section 2699.3, subdivision (a)(2)(C)) is a different issue from whether the plaintiff's PAGA claims were filed within the governing statute of limitations. And, as noted above, Judge Wilson expressly declined to rule on whether plaintiff's PAGA claims were time barred under the statute of limitations, finding the issue was mooted by his conclusion that plaintiff's failure to give notice *before* she filed her FAC was fatal to her PAGA claims.[10] The trial court erred in sustaining defendants' demurrer to the PAGA claims without

---

[10] "The statute of limitations for PAGA claims is one year." (*Brown v. Ralphs Grocery Co., supra,* 28 Cal.App.5th at p. 839, citing Code Civ. Proc., § 340, subd. (a).) We note inconsistencies in the record regarding when plaintiff's employment relationship with Jeunesse ended. Although plaintiff alleged in her SAC that it ended on March 5, 2019, the federal court noted in its November 15, 2019 remand order that, as of the date of its order, "[Plaintiff] ha[d] not done business with [Jeunesse] in four years." Jeunesse also contended in its motion to compel arbitration that plaintiff had not purchased any products from Jeunesse since March 2016. It is not for us to decide what the relevant facts are or whether plaintiff timely filed her claims; those are questions to be addressed by the trial court on remand.

leave to amend.[11]

In light of our conclusion the trial court erred in sustaining plaintiff's demurrer and then dismissing her claims against Jeunesse, we need not address plaintiff's argument on appeal that the court erred in denying her motion for leave to amend to substitute in other plaintiffs to pursue the PAGA claims.

## II.

### THE ORDER GRANTING JUDGMENT ON THE PLEADINGS IS REVERSED

In addition to challenging the order sustaining the demurrer to the PAGA claims, plaintiff challenges the court's subsequent order granting judgment on the pleadings. We independently review the trial court's order granting the motion for judgment on the pleadings. (*Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468, 515.)

---

[11] The trial court's reconsideration of the demurrer was limited to deciding whether plaintiff complied with the LWDA's prefiling notice requirements in alleging PAGA claims against defendants and, if not, whether that could be cured. The court did not invite briefing on, or decide, whether: (1) Hui is a proper defendant on the PAGA claims; (2) separate notice of the LWDA letter had to be given to Hui; (3) what plaintiff was required, if anything, to say in the LWDA notice regarding the claims against Hui as an individual; and (4) whether the LWDA notice itself—which was not attached to any of plaintiffs' pleadings and Judge Wilson declined to consider as part of the evidence submitted by defendants (to which plaintiff objected) in support of the renewed demurrer—provided sufficient notice of the claims against Hui. We decline to decide these issues in the first instance on appeal and instead confine our review to whether the trial court erred in concluding plaintiffs' PAGA claims as to both defendants must be dismissed with prejudice because plaintiff failed to give prefiling notice of her PAGA claims to the LWDA and could not later remedy that failure.

Plaintiff contends (1) the arbitration award is void for lack of jurisdiction, (2) the arbitrator had no authority to decide plaintiff's prayer for public injunctive relief, (3) the arbitration agreement did not encompass plaintiff's demand for equitable relief, and (4) the arbitration order is not subject to preclusive effect in the underlying action because it was never confirmed by the trial court. In light of our reversal of the order sustaining the demurrer as to the PAGA claims, we need not reach these issues.

Defendants moved for judgment on the pleadings solely on the ground plaintiff "has no further business before this Court" following the court's order sustaining the demurrer on the PAGA claims, and based on defendants' contention the arbitration of plaintiff's individual claims had been completed and was final. The motion for judgment on the pleadings was directed to plaintiff's *entire* complaint on this basis, not to individual causes of action.[12] Because we have concluded it was error for the court to sustain the demurrer to the PAGA claims, the order granting judgment on the pleadings also must be reversed.[13]

_____

[12] A motion for judgment on the pleadings may be directed to "[t]he entire complaint . . . or as to any of the causes of action stated therein." (Code Civ. Proc., § 438, subd. (c)(2)(A).) "A motion for judgment on the pleadings is similar to a demurrer in most respects . . . . [Citation.] Except as provided in the statute governing motions for judgment on the pleadings, . . . section 438, the rules governing demurrers apply." (*Alameda County Waste Management Authority v. Waste Connections US, Inc.* (2021) 67 Cal.App.5th 1162, 1173–1174; see also Cal. Rules of Court, rule 3.1320(a) ["Each ground of demurrer must be in a separate paragraph and must state whether it applies to the entire complaint, cross-complaint, or answer, or to specified causes of action or defenses"].)

DISPOSITION

The judgment of dismissal of the action is reversed, and the matter is remanded for further proceedings before the trial court. Appellant shall recover costs on appeal.

GOODING, J.

WE CONCUR:

SANCHEZ, ACTING P. J.

SCOTT, J.

---

[13] We invited supplemental briefing from the parties on whether reversal of the order sustaining the demurrer to the PAGA claims mandates reversal of the subsequent order granting judgment on the pleadings. In their supplemental brief, defendants argue that if we reinstate the PAGA claims, we "should nevertheless agree with the trial court that the rest of [plaintiff's] claims became *res judicata* in arbitration." Defendants cite no authority for the proposition that, although they moved for judgment only as to the entire complaint, the court can decide the motion based on individual claims without disposing of the entire complaint.